T. BURKE WONNELL
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907)276-8008, (f)(907)278-8571

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-CR-76-7 RRB |
| ) | |
| Plaintiff, ) | |
| ) | **MOTION AND MEMORANDUM FOR** |
| vs. ) | **RELIEF FROM PREJUDICIAL** |
| ) | **JOINDER** |
| PAULA MARIE ROBERDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

COMES NOW Defendant Paula Marie Roberds, by and through undersigned counsel, and hereby moves the Court pursuant to Criminal Rule 14 to sever Defendant Roberds' trial in the above captioned case from that of her co-defendants.  A period of excludable delay under 18 U.S.C. §3161(h)(1)(F) may occur due to the filing of this motion.

I.  PROCEDURAL POSTURE

Defendants have been lumped together in a three count indictment.  Count I, which alleges the bulk of the criminal activity in the case, concerns a conspiracy to distribute large amounts of powder and base cocaine between Januray, 2004 and August, 2005.  Defendant Roberds, however, is the only defendant who is not mentioned in Count I.  Roberds is named in Count III

alone, which charges her with maintaining a place for drug purposes "[b]eginning at some time unknown to the Grand Jury, and continuing to on or about December 15, 2005." Indictment, at 7.

## II.  RELIEF FROM PREJUDICIAL JOINDER

Under Criminal Rule 14, the Court may sever the trial of co-defendants in certain circumstances:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> Criminal Rule 14(a).

The prejudice necessary to warrant a severance of defendants has been defined by the Ninth Circuit:

> The moving party must show more than that a separate trial would have given him a better chance for acquittal. He must show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure to instruct the jury on admissibility of evidence as to each defendant. In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial.
>
> U.S. v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986).

The Supreme Court held in Bruton v. U.S., 391 U.S. 123 (1968) that the Confrontation Clause of the Sixth Amendment is violated by the admission into evidence of a non-testifying co-

defendant's confession in a joint trial, even where the jury has been given a limiting instruction.

### III.  ARGUMENT

On Friday, February 13, 2006, the government made 77 computer disks of discovery available to the undersigned for review.  The undersigned has not been able to review those discs as of this date.  Therefore, Roberds is at this time unaware of the existence of any non-testifying co-defendant's confession at this time.  The government alone is in a position to alert the Court to the existence of any such confession, and should do so in its opposition to this motion (if there is opposition) if such confession exists.  Such a confession alone would support severance of Roberds' trial from that of the remaining co-defendants.

Regardless of the existence of a non-testifying co-defendant's confession, severance of Roberds' trial is required by the circumstances of this case.  The bulk of the government's case centers on an alleged drug conspiracy, involving Roberds' co-defendants, between January, 2004 and August, 2005.  Defendant Roberds' charge involves allegations "[b]eginning at some time unknown to the Grand Jury, and continuing to on or about December 15, 2005."  Indictment, at 7.  Not only is Roberds not mentioned in Count I, but nothing in the indictment indicates that the conduct alleged in Count III even occurred

during the conspiracy alleged in Count I.  The obvious problem is that Roberds will not be able to present a separate defense to her charge, and instead will have her allegations lumped in with the previous conduct of the co-conspirators name in Count I.  The evidence against Roberds will simply be viewed by the jury as another overt act of the conspiracy, a conspiracy in which she is not alleged to have been involved.  If Roberds were tried separately, most of the government's evidence against her co-conspirators would be excludable on grounds of relevance.  The jury is likely to be mislead by this sort of prejudicial joinder, and confusion of the issues would prevent Roberds from receiving a fair trial.  Fundamental fairness and justice requires that Roberds be tried separately for her alleged conduct.

## IV.  CONCLUSION

For the aforementioned reasons, the Court should sever Defendant Roberds' trial from that of her co-defendants.  Roberds does not take a position on the order of trial.

RESPECTFULLY SUBMITTED this 13th day of February, 2006.

                              T. BURKE WONNELL
                              CJA Counsel for Defendant
                              Paula Marie Roberds

                              By:_____/s/_____
                                  T. Burke Wonnell
                                  AK Bar No. 9610049

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies
of the foregoing were served by electronic mail on:

Frank V. Russo
F. Richard Curtner
D. Scott Dattan
David R. Weber
Lance C. Wells


this 13th day of February, 2006.


_____/s/_____
T. Burke Wonnell