DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA Bar No. 64

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-0076-07-RRB-JDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | RESPONSE TO MOTION |
| PAULA M. ROBERDS, | ) | FOR SEVERANCE |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned

counsel, and hereby opposes defendant's motion for severance, filed at docket 161.

The defendant, pursuant to Fed. R. Crim. P. 14, moves to sever her trial from those

of her co-defendants based on <u>United States v. Bruton</u>, 391 U.S. 123 (1968).

Additionally, the defendant argues for severance based on the theory that a joint

trial would be prejudicial to her individual interests.    The defendant has not

shown how a joint trial will substantially prejudice her rights.  Furthermore, the

defendant has not identified the purported <u>Bruton</u> problems with any co-

defendant's  post-arrest statement.   For the reasons set forth below, the

defendant's motion for severance should be denied.

<u>BACKGROUND</u>

A federal grand jury has charged the defendant, along with co-defendant

Roderick Williams, in count 3 of the Third Superseding Indictment in this case,

Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856.  Co-

defendant Roderick Williams is mentioned in Count 1 of the indictment, charging

Drug Conspiracy; the defendant has not yet been indicted on that count.[1]

However, the indictment alleges that the conspiracy contained in Count 1

continued through December 15, 2005 – which is the date that the defendant was

arrested.  The evidence will show that the defendant's address, 1303 West 23rd

---

[1]      Undersigned counsel, who has been assigned to this case after the last
superseding indictment, is still reviewing the evidence as it pertains to defendant Roberds.
Based on this review, there may be changes to the indictment that will further undermine the
defendant's request for severance based on improper joinder of defendants and offenses.

Avenue, #28, was rented on July 28, 2005, and facilitated the operation of the drug conspiracy. Simply because the overt act pertaining the lease and the illegal use of the defendant's apartment has not been charged does not preclude the introduction of such overt act as evidence of the conspiracy charged in Count 1. See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (government is not required to disclose before trial all the overt acts it will prove in furtherance of a conspiracy) . Thus, the defendant is presently an unindicted co-conspirator of the defendants charged in Count 1 of the Third Superseding Indictment.

The defendant appears to contend first, that there may be Bruton problems with co-defendants' post-arrest statements that will prejudice her. However, the defendant has not identified such problems, nor does the United States intend to violate the Bruton rule in this case by introducing any post arrest statement that infringes upon the defendant's rights. Next, the defendant contends that she has been prejudicially joined in the indictment, and seeks relief pursuant to Fed. R. Crim. Proc. 14(a). However, this claim is based on misguided speculation that the jury will be unable to follow the trial court's instructions.

## BRUTON ISSUES

The United States has produced a over 70 compact discs containing recordings of co-defendants Byron Williams and Roderick Williams. The

defendant has not identified which, if any, recording violates her confrontation rights.  The United States intends to play such recordings to the extent that they constitute co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2).[2]  Such use would not violate <u>Bruton</u>.  As previously stated, the United States does not intend to violate the <u>Bruton</u> rule in this case by introducing any post arrest statement that infringes upon the defendant's rights.  To the extent that the United States discovers a statement it intends to use that may arguably infringe upon confrontation rights, the United States will bring such statement to the attention of the defendant and the Court.   Even if such a statement arises,, a number of options exist with respect to use of such statement at trial, if the affected parties proceed to trial.  For example, the court may (1) delete references in the statement  to the codefendant against whom the statement is inadmissible, <u>see</u> <u>Richardson v. Marsh</u>, 481 U.S. 200 (1987); (2) order severance of the defendants' trials; or (3) try the defendants together but before different juries, <u>see</u> <u>Smith v. De Robertis</u>, 758 F.2d 1151 (7th Cir. 1985) .  In any event, given the procedural posture of the case, the United States submits that the issue of severance is better addressed shortly before trial.   Indeed, contemplated changes to the indictment may remove several of the

---

[2]     Because the undersigned has been recently assigned the case, he has not had the opportunity to listen to all the recordings to determine which, if any, the United States intends to introduce.

U.S. v. Roberds
Case No. 3:05-0076-07-RRB-JDR          Page 4 of  10

issues raised by the defendant.

## JOINDER IS PROPER

The defendant has failed to meet his burden of proving she will suffer actual prejudice or that substantial rights will be affected by proceeding to trial with the other co-defendants.  Normally, defendants who are jointly indicted should be jointly tried.  United States v. Mariscal, 939 F.2d 884 (9th Cir. 1991); United States v. Polizzi, 801 F.2d 1543 (9th Cir. 1986).    Fed. R. Crim. P.  Rule 8 is the rule that approves of the joinder of both offenses and parties in the same indictment. The goal of this rule is to maximize trial convenience and efficiency with a minimum of prejudice.  United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999).   Thus, the courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder. Sarkisian, 197 F.3d at 975.

Fed. R. Crim. P. 8 provides that when the offenses or parties are part of the same act or transaction or in the same series of acts or transactions constituting the offense or offenses.   The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions.  Sarkisian, 197 F.3d at 975-6.   A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or conspiracy" or by a showing that the evidence of the common activity constitutes a

substantial portion of proof of the joined charges  <u>United States v.</u>

<u>Vasquez-Velasco</u>, 15 F.3d 833, 843-44 (9th Cir. 1994). Moreover, as long as the

defendant is part of the same "series of acts or transactions, Rule 8 explicitly

provides that "[a]ll defendants need not be charged in each count."  Fed. R. Crim.

Proc. 8(b).

Fed. R. Crim. P. 14 provides that offenses or parties joined pursuant to Fed.

R. Crim. 8 may be severed from one another where it appears that a defendant or

the government will suffer prejudice by the joinder of charges or defendants.  The

prejudice must be clear, manifest, or undue.  <u>United States v. Adler</u>, 879 F.2d 491,

497 (9th Cir. 1988).  It must involve prejudice of a nature and significance

sufficient to violate one of the defendant's substantive rights, such as the

opportunity to present his own defense or to deny the defendant a fair trial.  <u>United</u>

<u>States v. Tootick</u>, 952 F.2d 1078, 1082 (9th Cir. 1991).

It is the defendant's burden to make a strong showing that he will be

prejudiced by being tried with the other defendants.  <u>Williamson v. United States</u>,

310 F.2d 192 (9th Cir. 1962).  Defendants are required to establish compelling

reasons why severance is appropriate.  <u>Parker v. United States</u>, 404 F.2d 1193 (9th

Cir. 1968).  The defendant has established neither prejudice nor any compelling

reasons in support of the motion other than to make a general complaint that

evidence against co-defendants would "spill over" onto the defendant and thus would be unfair.

The primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants.  United States v. Escalante, 637 F.2d 1197 (9th Cir.), cert. denied, 449 U.S. 856 (1980).  Antagonistic and conflicting defenses do not necessarily require severance, even if there are hostilities between the defendants or if they blame one another.  United States v. Brady, 579 F.2d 1121 (9th Cir. 1978), cert. denied, 439 U.S. 1074 (1979).

" To warrant severance, a defendant must establish clear, manifest, or undue prejudice from joinder... [m]erely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, doe not entitle a coconspirator to severance." United States v. Adler, 879 F.2d 473 (9th Cir. 1988).  For instance, in a conspiracy case, severance is required when co-conspirators' defenses are mutually exclusive - when acquittal of one defendant necessarily results in the conviction of the other, not when the defenses are merely inconsistent.  Id.   "The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating the others does not generate the kind of prejudice that mandates severance." United States v. Sherlock, 865 F.2d 1069 (9th

Cir. 1989).

The fact that there may be more incriminating evidence against one defendant as opposed to another codefendant is insufficient to justify a separate trial for the latter. United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984). The prejudicial effect of the greater presentation of evidence and additional charges against one co-defendant, can be eliminated by instructions to the jury. United States v. Douglass, 728 F.2d 1472 (9th Cir. 1986). Denial of severance is proper even though evidence is weaker against one of the co-defendants. United States v. Candoli, 870 F.2d 496 (9th Cir. 1989).

The defendant argues that if she were tried separately from her co-defendants, "most of the government's evidence against her co-conspirators would be excludable on grounds of relevance. Defendant's motion, p. 4. Not necessarily so. If the United States proves that the defendant is a co-conspirator of the drug conspiracy charged in Count 1, her co-conspirator statements would be admissible against her at a separate trial or at a joint trial, as there is no requirement that a conspirator to be indicted before his or her out of court statement is admitted as a co-conspirator statement. Therefore, because the government must first lay the foundation for admission of coconspirator statements, the defendants cannot now establish that she will be prejudiced by the admission of the as yet unidentified co-

defendant statements.    Moreover, the defendant's mistrust of the  jury's

intelligence is unfounded and does not justify her motion. <u>United States v. Reeves</u>,

674 F.2d 739 (8th Cir. 1982); <u>United States v. Rocha</u>, 916 F.2d 219 (5th Cir.

1990); <u>United States Console</u>, 13 F.3d 641 (3d Cir. 1993); <u>United States v. Najjar</u>,

300 F.3d 466 (4th Cir. 2002).  Finally, a defendant who simply stands a better

chance of acquittal if tried separately is still not entitled to a severance. <u>Zafiro v.

United States</u>, 506 U.S. 534 (1993); <u>United States v. Brooks,</u> 957 F.2d 1139 (4th

Cir. 1992).

        In sum, the evidence against the defendants, the witnesses, and the places

involved will all be the same.  Indeed, even if the defendant is only charged with

Maintaining a Drug involved Premises, evidence of the Drug Conspiracy charged

in Count 1 would be admissible to demonstrate that the defendant "knowingly and

intentionally opened, leased, rented, used, and maintained a place at 1303 West

23rd Avenue, #28, Anchorage, Alaska, for the purpose of manufacturing,

distributing and using cocaine and cocaine base (crack)." <u>See</u> Third Superseding

Indictment, Count 3; Fed. R. Evid. 404(b).

        A separate trial would unnecessarily consume judicial resources when a joint

trial would be appropriate.   For the forgoing reasons, the United States submits

that the defendant's motion for severance be denied.  In the alternative, the United

States respectfully requests that the Court defer ruling on the motion to

sever until a reasonable time before trial.  At such time, any <u>Bruton</u> issues and

issues regarding subsequent charges that the defendant may face will be resolved.

RESPECTFULLY SUBMITTED this  21st day of February, 2006 in

Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006, via:

        (X) Electronic case filing notice

T. Burke Wonnell, Esq.


s/ Frank V. Russo_____

U.S. v. Roberds
Case No. 3:05-0076-07-RRB-JDR        Page 10 of  10