T. BURKE WONNELL
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907)276-8008, (f)(907)278-8571

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-CR-76-7 RRB |
| ) | |
| Plaintiff, ) | **SENTENCING MEMORANDUM AND** |
| ) | **REQUEST FOR LIMITED** |
| vs. ) | **EVIDENTIARY HEARING** |
| ) | |
| PAULA MARIE ROBERDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant was convicted on a single count of maintaining a residence for the purpose of a controlled substance offense. Defendant ought to be sentenced to time served and released. Defendant requests a brief evidentiary hearing only for the purpose of playing three redacted phone conversations between Roberds and Roderick Williams.

I.  Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

>   (1) the nature and circumstances of the offense and the
>   history and characteristics of the defendant;
>   (2) the need for the sentence imposed-
>       (A) to reflect the seriousness of the offense, to
>   promote respect for the law, and to provide just punishment
>   for the offense;
>           (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
            (i) issued by the Sentencing Commission . . .
(5) any pertinent policy statement-
        (A) issued by the Sentencing Commission . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2).  Id.

## II.  Argument

Pursuant to 18 U.S.C. §3553(a)(4), the Court should consult the appropriate sentencing guideline range when fashioning a sentence.  In this case, with a proper adjusted offense level of 4 and Criminal History Category III, Defendant's guideline sentencing range ought to be 0-6 months.  If the Court accepts the guideline calculations in the final presentence investigation report, however, a sentence of time served is still appropriate under 18 U.S.C. §3553.

Roberds and co-defendant Roderick Williams started "dating" when Roberds was 15 and Williams was 30. Roberds conceived a child with Williams when she was 16. During the period of their relationship, Williams brutally beat Roberds. In recorded conversations between the two, Williams manipulates and berates the much younger Roberds. The "nature and circumstances of the offense and the history and characteristics of the defendant" mitigate strongly in favor of a lower sentence. Roberds is not as culpable as an ordinary offender. Her unfortunate relationship with Williams calls into question whether or not her involvement in any drug dealing was voluntary. Many of these issues could have been brought to light at trial as legitimate defenses had Roberds taken the stand and simply told the truth. Roberds was so brainwashed that she did not take advantage of defenses because they would have damaged Williams' chances at trial. In light of these circumstances, a sentence of time served is certainly "sufficient, but not greater than necessary" to address the criteria of 18 U.S.C. §3553(a).

The undersigned obtained the services of a psychologist to evaluate Roberds for battered women's syndrome. The undersigned has yet to receive a report from the evaluation. Defendant will proceed with sentencing with or without a report as it appears that the government is not opposing her release to house arrest at sentencing. Should the Court sentence Roberds to no more

than what the government requests, a continuance would unnecessarily prolong her incarceration.

### III. CONCLUSION

Defendant's actual total offense level ought to be 4, not 9. Her appropriate guideline sentencing range, with a criminal history category of III, should be **0-6 months**. Defendant respectfully requests that the Court sentence her to time served and an appropriate period of supervised release. Even if the Court determines that the guideline sentencing range exceeds the length of Roberds' present incarceration, a time served sentence is appropriate under the criteria of 18 U.S.C. §3553.

RESPECTFULLY SUBMITTED this 6th day of September, 2006.

By: s/ T. Burke Wonnell
CJA Counsel for Defendant
Paula Marie Roberds
2600 Denali St., Suite 460
Anchorage, AK 99503
Phone: (907)276-8008
E-mail: tburkewonnell@alaska.net
AK Bar No. 9610049

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies
of the foregoing were sent by mail to:

Crandon Randell, Esq.
Pamela Shaw

this 6th day of September, 2006.

_____s/ T. Burke Wonnell_____
T. BURKE WONNELL